[No. 1975.]

## Jo. Counts *v.* The State.

1. CIRCUMSTANTIAL EVIDENCE — CHARGE OF THE COURT.— Failure to give in charge the law of circumstantial evidence, when the State relies solely upon that character of evidence for a conviction, is fundamental error; and, independent of the question whether or not the omission was calculated to affect the result of the trial, is cause for reversal.
2. PRACTICE.— BILL OF EXCEPTIONS failing to show the materiality of testimony excluded, and to specify the objection which was made to such testimony, is insufficient to present, on appeal, the correctness of the ruling of the trial court on the question.

APPEAL from the District Court of Comanche. Tried below before the Hon. T. B. Wheeler.

The conviction in this case was for the theft of a horse, the property of W. L. Spraggins, in Comanche county, Texas, on or about the 17th day of April, 1884. The penalty assessed against the appellant was a term of ten years in the penitentiary.

W. L. Spraggins was the first witness for the State. He testified that he knew the defendant, whom he pointed out in court. Wit-

ness owned a certain mare about three years old, which he missed from her range in Comanche county, on or about April 17, 1884. He subsequently found the animal in the possession of T. J. Box, and, upon proof of ownership, recovered her from the said Box. The mare was taken from the possession of the witness without his knowledge or consent.

Cross-examined, the witness denied that he had ever agreed to pay the defendant the sum of $50, or any other sum, to leave the country, or that he had given the mare to the defendant for that purpose. The defendant broke the animal to the saddle, and knew her to belong to the witness. Defendant lived at witness's house about two months at one time, leaving that house some three or four months prior to the theft of the mare. He broke the animal during his residence at the witness's house. Witness saw the mare on her range the day before she was missed, and recovered her from Box about two months afterwards. Box lived in Comanche county about thirty miles from witness's house. Witness found defendant at the house of his uncle, about three-quarters of a mile distant from Box's, and had him arrested for the theft of the mare.

T. J. Box was the next witness for the State. He testified that on or about April 17, 1884, he purchased a certain mare from the defendant, which mare was some time afterwards claimed and proved by W. L. Spraggins. Defendant at that time lived at the house of his uncle near witness's house. He had been living there about three months when he sold the mare to the witness.

J. W. Cunningham testified, for the State, that when he went to arrest the defendant at the house of his uncle, the defendant fled, and was afterwards found lying down in the wheat field, about two hundred yards from his uncle's house. On cross-examination, this witness testified that, when arrested, the defendant stated that he was avoiding arrest in a pistol case which was pending against him, as he had no money with which to discharge the fine.

R. F. Hester testified, for the State, that he lived near the house of John Leffel, the defendant's uncle, in April, 1884. On or about the 17th day of that month, the defendant passed his house horseback, going in the direction of W. L. Spraggins's house. He passed back about noon of the next day, leading the mare which he subsequently sold to Box. The State closed.

Defendant's first witness was his uncle, John Leffel. He testified that the defendant lived at his house in April, 1884. He left witness's house one evening during that month, and returned either the next or the second evening thereafter, bringing with him the

mare which he subsequently sold to Box. Defendant kept the mare on the prairie until he sold her, and on one occasion loaned her to his son to ride to church. Defendant was arrested on witness's place.

Bob Brewer testified, for the defense, that, about two weeks before defendant's arrest, he told defendant that he, defendant, was going to be arrested about the mare he sold to Box. Defendant replied that he did not mean to leave the country, as he had done nothing wrong in connection with the mare. Cross-examined, the witness testified that he saw defendant on or about the —— day of ——, 1884, going towards Spraggins's house.

The motion for new trial raised the questions discussed.

*Jenkins & Lindsey*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE. That this conviction is fully sustained by the evidence there can be no question. But the evidence is entirely circumstantial, and the court omitted to instruct the jury in the rules of law governing this character of evidence. Under repeated decisions this omission was fundamental error, and requires a reversal of the judgment. We presume the trial judge did not regard the evidence as circumstantial, or he would not have omitted the required instruction. But in our opinion there can be no question that the evidence is entirely circumstantial.

Defendant was seen in possession of the stolen animal about the time the same was missed from its range, but the place where he was seen in possession of it was twenty-five miles distant from its range. No one saw him take the animal from its range, nor did he confess to any one that he had taken it. His possession of the same, and his conduct in relation thereto, and all the other facts in the case, sufficiently and cogently establish his guilt of the theft, but still all this evidence is circumstantial. None of it is direct and positive. We have no idea that the required instruction, which the court failed to give the jury, would have affected the result of the trial had it been given, but the law required that such instruction should be given, and we have no discretion in the matter. (*Black* v. *The State*, 18 Texas Ct. App., 124; *Vaughn* v. *The State*, 17 Texas Ct. App., 562; *Dupree* v. *The State*, id., 591; *Murphy* v. *The State*, id., 645.)

Defendant's bill of exception to the ruling of the court, rejecting

the proposed testimony of the witness Leffel, fails to show *when* the defendant made said declarations, and hence fails to show the materiality or relevancy of such declarations to the issue in this case. Said bill also fails to specify the objection which was made to the testimony. We are unable, therefore, to determine whether or not the ruling of the court was erroneous. If the proposed testimony was pertinent and material, we think it would be competent upon the ground that it was part of the *res gestœ* of the defendant's act of leaving Leffel's house. (*Brunet* v. *The State*, 12 Texas Ct. App., 521.)

Because the court erred in omitting to charge the law in regard to circumstantial evidence, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered November 28, 1885.]